(Pleito No. 192.—Fallado en 10 de Mayo de 1902.)

## Kuinlan contra El Registrador de la Propiedad.

### Solicitud de un *Mandamus*.

1.—Prohibición de enajenar. La prohibición de enajenar, dictada en los casos y con las conformidades legales correspondientes, y anotada convenientemente en el Registro de la Propiedad, produce en favor de la persona que la obtiene, una garantía cuyo efecto es impedir la inscripción de todo acto posterior de enajenación de los bienes anotados.

2.—Embargo. Aunque una anotación de embargo decretado á favor de un acreedor sea anterior á la prohibición de enajenar la misma finca, decretada á favor de otro acreedor, no puede aquélla perjudicar al crédito de éste, si con fecha anterior al embargo tiene á su favor una ejecutoria condenando al deudor á otorgarle la escritura de venta de la finca embargada.

Puerto Rico, diez de Mayo de mil novecientos dos.— Visto el presente recurso gubernativo interpuesto por Don

Gregorio Kuinlan contra negativa del Registrador de la Propiedad de Arecibo á inscribir el auto de adjudicación de una finca rústica.—Resultando: Que seguido juicio verbal civil en el Juzgado municipal de Manatí por Don Gregorio Kuinlan contra Don Máximo Bracero y Ambert, en cobro de pesos, dictó sentencia dicho Juzgado municipal condenando al demandado al pago de la cantidad reclamada, y que seguido el procedimiento de apremio para hacerla efectiva, se embargó una finca rústica, de la propiedad del deudor, de ciento cuarenta y nueve cuerdas de terreno, radicadas en el barrio de Hato-viejo, lugar denominado "Cuevas de Román", del término municipal de Ciales, de cuyo embargo se tomó anotación preventiva en el Registro de la Propiedad de Arecibo, en veinte y cuatro de Abril del año próximo pasado, y sacada dicha finca á pública subasta, como no se presentaran licitadores, por auto de veinte y nueve de Octubre del mismo año, le fué adjudicada al acreedor Don Gregorio Kuinlan por las dos terceras partes de la tasación que había servido de tipo para la segunda subasta, mandándose expedir al acreedor el testimonio correspondiente del auto de adjudicación.—Resultando: Que presentado dicho testimonio para su inscripción en el Registro de la Propiedad de Arecibo, la denegó el Registrador en ocho de Marzo último, según nota puesta al pie del mismo documento, por haber decretado el Tribunal de Justicia de aquel Distrito la prohibición de enajenar Don Máximo Bracero y Ambert la finca á que se refería dicho testimonio, según auto dictado el once de Julio del año anterior, en cumplimiento de la sentencia pronunciada en el juicio declarativo, seguido por el referido Don Máximo Bracero Ambert contra Don José García, en cobro de pesos, de cuya prohibición de enajenar se había tomado anotación preventiva al folio 173 del tomo 25 de Ciales, finca número 515 duplicado, anotación letra B, cuya nota rectificó el Registrador, en diez y siete del mismo mes de Marzo, expresando que, publicada en la *Gaceta de Puerto Rico*, número 57, de fecha nueve del mismo mes, la

ley sobre recursos contra las resoluciones de los Registradores de la Propiedad, la rectificaba en los términos siguientes: "No admitida la inscripción de este documento por el defecto insubsanable de haber decretado el Tribunal de Justicia de este Distrito la prohibición de enajenar Don Máximo Bracero Ambert la finca que este dicho documento comprende, según auto dictado en el cumplimiento de la sentencia pronunciada en el juicio declarativo seguido por el mencionado Don Máximo Bracero Ambert contra Don Juan José García, en cobro de pesos; y tomada en su lugar anotación preventiva, por término de ciento veinte días, con arreglo á lo dispuesto en la Sección 7ª de la ley antes citada; adoleciendo, además, el título del defecto subsanable, de no consignarse que contra el auto de adjudicación no se ha interpuesto recurso alguno, ó habiéndose desestimado el que hubiesen utilizado, según el artículo 9º de la Instrucción general sobre la manera de redactar los documentos públicos sujetos á registro."—Resultando: Que notificada dicha nota á Don Gregorio Kuinlan, como no compareciese á recoger el documento, lo elevó el Registrador á este Tribunal Supremo con su informe, compareciendo también ante el mismo, dentro del término legal, el interesado Don Gregorio Kuinlan, interponiendo en forma el recurso gubernativo contra la calificación del Registrador, y pidiendo se derogara la nota denegatoria que originaba dicho recurso, mandándose inscribir á su nombre, en el Registro de la Propiedad, la finca que le había sido adjudicada en pago, y exponiendo así el Registrador como el recurrente, las razones que creyeron pertinentes á su derecho.—Resultando: Que con su informe acompañó el Registrador una certificación literal de las constancias del Registro, relativas á la finca rústica de que se trata, y de la que resulta, que dicha finca aparecía inscrita en el Registro, á favor de Don Máximo Bracero y Ambert, desde diez y siete de Julio de mil ochocientos noventa y uno, por haberla adquirido por compra á Don Julián Lugo y Meléndez, por escritura otorgada en Manatí, á veinte y

nueve de Enero de mil ochocientos ochenta y uno; que embargada dicha finca, á instancia de Don Gregorio Kuinlan en el procedimiento de apremio seguido, para hacer efectiva la sentencia dictada en el juicio verbal civil promovido por el mismo contra Don Máximo Bracero Ambert, en cobro de pesos, se anotó el embargo en el Registro de la Propiedad, en veinte y cuatro de Abril del año próximo pasado, y que posteriormente, en las diligencias seguidas en el Tribunal del Distrito de Arecibo, sobre cumplimiento de la sentencia dictada en el juicio de menor cuantía, seguido por el mismo Bracero Ambert contra Don Juan José García, y por virtud de la que se declaró con lugar la reconvención establecida por éste, y dispuso que ambas partes designaran un perito para que procedieran á mensurar y deslindar la finca de que se trata en el presente recurso, pagándose los plazos pendientes; y otorgándose por Bracero Ambert, la escritura de venta de dicha finca, á favor de García, dispuso el Tribunal por auto de once de Julio del mismo año, que mientras se cumplían dichos requisitos, procedía imponer á Bracero la prohibición de enajenar la finca de referencia, á cuyo efecto se librase el correspondiente mandamiento al Registrador de la Propiedad, como así se verificó, anotándose en su consecuencia dicha prohibición de enajenar en seis de Septiembre siguiente.—Resultando: Que en confirmación de lo expuesto, acompañó además el Registrador de la Propiedad otra certificación expedida á su instancia por el Secretario del Tribunal del Distrito de Arecibo, de la sentencia pronunciada por la extinguida Audiencia Territorial de esta Isla, en diez de Mayo de mil ochocientos noventa y cuatro, en el pleito de menor cuantía, seguido por Don Máximo Bracero Ambert contra Don Juan José García, en cobro de pesos, y por la que con revocación de la sentencia dictada por el Juez de 1ª Instancia de aquel partido, se declaró sin lugar la demanda, y con lugar la reconvención, mediante la cual Don Máximo Bracero y Don Juan José García, designaran dentro del segundo día cada uno un perito, que pro-

cedieran enseguida á mensurar y deslindar la finca de que se trata en el presente recurso, pagándose los plazos que faltaran y otorgándose la escritura dentro del sexto día, sin especial condenación de costas.—Siendo Ponente el Juez Asociado del Tribunal Don José C. Hernández.—1.° Considerando: Que la prohibición de enajenar dictada en los casos, y con las conformidades legales correspondientes, que son los que determina en su apartado 4.° el artículo 42 de la Ley Hipotecaria, y anotada convenientemente en el Registro de la Propiedad, produce en favor de la persona que la obtiene, una garantía, cuyo efecto es impedir la inscripción de todo acto posterior de enajenación de los bienes anotados, aunque aparezca acordado por otro Juzgado ó Autoridad; como lo declara la resolución dictada por el Ministerio de Ultramar, en once de Enero de mil novecientos noventa y tres.—2.° Considerando: Que si bien la anotación del embargo decretado á favor de Don Gregorio Kuinlan, sobre la finca rústica de que se trata en el presente recurso, es anterior á la de la prohibición de enajenar la misma finca, impuesta á su dueño Don Máximo Bracero Ambert y decretada á favor de Don Juan José García, estando limitada la preferencia que el artículo 44 de la Ley Hipotecaria concede al acreedor que obtuviese á su favor anotación de embargo sobre los bienes anotados solamente, á los que tengan contra el mismo deudor otro crédito contraído con posterioridad á dicha anotación, no puede ésta perjudicar al Don Juan José García, que, desde fecha muy anterior al embargo, tiene á su favor una ejecutoria, por la que se condenó á Bracero Ambert á otorgarle la escritura de venta de la finca embargada, cuya ejecutoria resultaría ineficaz si hubiera de inscribirse á favor de Kuinlan el auto de adjudicación de la misma finca.—3.° Considerando: Que no expresándose en el testimonio del auto de adjudicación de que se trata, si la providencia que lo decretó es ó no ejecutoria, como lo exige el artículo 9.° de la Instrucción general, sobre la manera de redactar los documentos públicos sujetos á registro en las Provincias de Ultramar,

contiene evidentemente dicho título el defecto subsanable á que se refiere el Registrador de la Propiedad en el último extremo de su nota.—Vistas las disposiciones legales citadas. —Se confirma la nota denegatoria puesta por el Registrador de la Propiedad de Arecibo, al pie del documento de que se trata en el presente recurso, y con devolución del mismo, remítase al expresado Registrador copia certificada de la presente resolución que se publicará, además, en la *Gaceta Oficial*, para su conocimiento y el de los demás interesados, y á los demás efectos procedentes.—Lo acordaron y firman los señores del Tribunal, de que certifico.

José C. Hernández.—José Mª Figueras.—Louis Sulzbacher.—J. H. McLeary.—Antonio F. Castro, *Secretario*.